UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

THE MEDILODGE GROUP, INC.
and ITS EMPLOYEE WELFARE
BENEFITS PLAN,

Plaintiffs,

v.

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

Defendant.

Case No. 16-CV-12067
Hon. Judith E. Levy
Magistrate Judge David R. Grand

_____

## BLUE CROSS BLUE SHIELD OF MICHIGAN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant Blue Cross Blue Shield of Michigan ("BCBSM"), through its attorneys, Dickinson Wright PLLC, states as follows for its Answer to Plaintiffs' Complaint:

1.      Admitted that BCBSM and The Medilodge Group, Inc. ("Medilodge") had a business relationship under which BCBSM processed claims for Plaintiffs' self-insured employee benefit plan and the terms of that relationship are set forth in the parties' administrative services contract ("ASC") and annual renewals known as "Schedule A," the terms of which are incorporated herein by reference. BCBSM denies any allegations which are inconsistent with the terms and conditions of the parties' contract(s), and BCBSM expressly denies any of the

wrongdoing alleged in the Complaint.  Further, BCBSM denies that Plaintiffs are entitled to any damages or other form of relief.

## PARTIES, JURISDICTION AND VENUE

2.     BCBSM denies knowledge and information sufficient to form a belief as to the allegations in paragraph 2 of the Complaint.

3.     Whether The Medilodge Group, Inc. Employee Welfare Benefits Plan (the "Plan") is governed by ERISA is a legal conclusion to which no answer is required.  To the extent an answer is required, BCBSM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 and therefore denies them.

4.     Denied.  BCBSM is a nonprofit mutual insurance company.

5.     Paragraph 5 states a legal conclusion to which no response is required.

6.     Paragraph 6 states a legal conclusion to which no response is required.

## GENERAL ALLEGATIONS

7.     BCBSM incorporates by reference all answers to the allegations of Plaintiffs' Complaint previously set forth as though fully set forth herein.

8.     BCBSM denies knowledge and information sufficient to form a belief as to the allegations in paragraph 8 of the Complaint.

9.    BCBSM admits only that Plaintiffs reimbursed BCBSM for amounts BCBSM paid for Plaintiffs' employee health care costs, but denies that this is the only amount Plaintiffs are obligated to pay under the ASC.

10.    BCBSM denies that this case is identical to *Hi-Lex Controls, Inc., v BCBSM*, case no. 11-cv-12557 (E.D. Mich.) ("*Hi-Lex*").   The remainder of paragraph 10 is admitted.

11.    BCBSM denies that *Pipefitters Local 636 Insurance Fund v. BCBSM*, case no 04-73400 (E.D. Mich.) ("*Pipefitters*") is the "original Hidden Fee case." BCBSM further denies that all of the same fees were at issue in *Pipefitters* as here. The remainder of paragraph 11 is admitted.

12.    Admitted.

13.    BCBSM denies that this case is identical to *Hi-Lex*.

14.    BCBSM refers to the complete terms and conditions of the ASC, including any amendments and the annual Schedule As, which are incorporated by reference, and denies any allegations inconsistent therewith.

15.    Admitted that Medilodge and BCBSM entered into an ASC effective on or about January 1, 2006, and that the ASC is composed of a Master Contract and annual renewal addenda called Schedule A; otherwise denied.

16.    Admitted.

17.    Admitted.

3

18.    Admitted.

19.    Admitted.

20.    BCBSM admits only that the ASC provided for payment of an administrative fee to BCBSM but denies that the administrative fee was the only compensation payable to BCBSM under the ASC.

21.    BCBSM admits only that the ASC is composed of a Contract and annually executed Schedule A's and that pricing is among the terms agreed to by the parties in the ASC and the amendments thereto, and Schedule A's; otherwise denied.

22.    BCBSM denies knowledge and information sufficient to form a belief as to the allegations in paragraph 22 of the Complaint.

23.    Admitted, but BCBSM denies that paragraph 23 lists all the amounts Plaintiffs were obligated or potentially obligated to pay BCBSM under the ASC. Answering further, BCBSM refers to the complete terms and conditions of the ASC, including any amendments and the annual Schedule As, which are incorporated by reference, and denies any allegations inconsistent therewith.

24.    BCBSM admits only that the initial prepay amounts were set forth in the initial Schedule A, and later adjusted during quarterly settlements; otherwise denied.

25.    Admitted.

26.    Admitted.

27.    Admitted.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    BCBSM admits the document attached as Exhibit 2 to the Complaint is an internal BCBSM memo that has been associated with other litigation; BCBSM otherwise denies the allegations in paragraph 32.

33.    BCBSM denies engaging in any alleged "scheme."  BCBSM admits that its financial situation was poor in 1987 and 1988.

34.    Admitted.

35.    Admitted.

36.    BCBSM admits only that this paragraph contains an excerpt of a memo by a BCBSM employee, and refers to the full memo for its entire content. BCBSM denies any remaining allegations of wrongdoing.

37.    Admitted.

38.    Admitted.

39.   BCBSM admits only that this paragraph contains an excerpt of a memo by a BCBSM employee, and refers to the full memo for its entire content. BCBSM denies any remaining allegations of wrongdoing.

40.   BCBSM admits that, in 1993, its senior management approved a proposal known as "Retention Reallocation."  BCBSM, however, denies as untrue that the memo referenced in paragraph 40 denotes a scheme to charge "Hidden Fees."

41.   Admitted.

42.   Admitted to the extent that the court made findings in the specific cited case concerning a different BCBSM customer; BCBSM otherwise denies the allegations in paragraph 42.

43.   BCBSM acknowledges the Sixth Circuit's ruling in *Hi-Lex* with respect to that customer.  However, that ruling was founded upon case-specific facts.  BCBSM denies any remaining allegations of wrongdoing.

44.   Admitted to the extent that the court made findings in the specific cited case concerning a different BCBSM customer; BCBSM otherwise denies the allegations in paragraph 44.

45.   BCBSM denies knowledge and information sufficient to form a belief as to the allegations in paragraph 45 of the Complaint.

46.     Admitted to the extent that the court made findings in the specific cited case concerning a different BCBSM customer; BCBSM otherwise denies the allegations in paragraph 46.

47.     Denied.

48.     Denied.

49.     Denied.

50.     BCBSM admits that the Retention Reallocation program went into effect in or about October 1993.

51.     BCBSM admits only that it determined the fees which were charged to Plaintiffs.  BCBSM denies the remaining allegations in paragraph 51.

52.     BCBSM admits only that it determined the fees which were charged to Plaintiffs.  BCBSM denies the remaining allegations in paragraph 52.

53.     BCBSM admits only that it determined the fees which were charged to Plaintiffs and its other customers.  BCBSM denies the remaining allegations in paragraph 53.

54.     Denied.

55.     Admitted to the extent that the court made findings in the specific cited case concerning a different BCBSM customer; BCBSM otherwise denies the allegations in paragraph 55.

56.     Admitted.

57.     Admitted.

58.     Denied.

59.     Paragraph 59 states a legal conclusion to which no answer is required. To the extent an answer is required, denied.

60.     BCBSM admits only that the term "OTG Subsidy" refers to BCBSM's unique obligation to subsidize the health care costs of senior citizens in Michigan; otherwise denied.

61.     Paragraph 61 states a legal conclusion to which no answer is required. To the extent an answer is required, denied.

62.     Denied.

63.     Denied.

64.     Paragraph 64 states a legal conclusion to which no answer is required. To the extent an answer is required, denied.

65.     Denied.

66.     Paragraph 66 states a legal conclusion to which no answer is required. To the extent an answer is required, denied.

67.     Admitted.

68.     Denied.

69.     Admitted to the extent that the court made findings in the specific cited case concerning a different BCBSM customer.  However, that ruling was

founded upon case-specific facts.  BCBSM is not aware of such facts in this case and therefore is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69.

70.    BCBSM denies knowledge and information sufficient to form a belief as to Plaintiff's beliefs.

71.    Admitted.

72.    Admitted to the extent that the court made findings in the specific cited case concerning a different BCBSM customer; denied to the extent BCBSM misrepresented information to Plaintiffs here.

73.    Admitted to the extent that the court made findings in the specific cited case concerning a different BCBSM customer; denied to the extent BCBSM misrepresented information to Plaintiffs here.

74.    Admitted to the extent that the court made findings in the specific cited case concerning a different BCBSM customer; denied to the extent BCBSM misrepresented information to Plaintiffs here.

75.    Admitted to the extent that the court made findings in the specific cited case concerning a different BCBSM customer; denied to the extent BCBSM misrepresented information to Plaintiffs here.

76.   Admitted to the extent that the court made findings in the specific cited case concerning a different BCBSM customer; denied to the extent BCBSM misrepresented information to Plaintiffs here.

77.   Admitted to the extent that the court made findings in the specific cited case concerning a different BCBSM customer; denied to the extent BCBSM misrepresented information to Plaintiffs here.

78.   Admitted to the extent that the court made findings in the specific cited case concerning a different BCBSM customer; denied to the extent BCBSM misrepresented information to Plaintiffs here.

79.   Admitted to the extent that the court made findings in the specific cited case concerning a different BCBSM customer; denied to the extent BCBSM misrepresented information to Plaintiffs here.

80.   BCBSM is without sufficient information to form a belief as to the truth of the allegations in paragraph 80.

81.   Admitted to the extent that the court made findings in the specific cited case concerning a different BCBSM customer; denied to the extent BCBSM misrepresented information to Plaintiffs here.

82.   Admitted to the extent that the court made findings in the specific cited case concerning a different BCBSM customer; denied to the extent BCBSM misrepresented information to Plaintiffs here.

83.    Admitted.

84.    Admitted to the extent that the court made findings in the specific cited case concerning a different BCBSM customer; denied to the extent BCBSM misrepresented information to Plaintiffs here.

85.    Admitted to the extent that the court made findings in the specific cited case concerning a different BCBSM customer; denied to the extent BCBSM misrepresented information to Plaintiffs here.

86.    Admitted to the extent that the court made findings in the specific cited case concerning a different BCBSM customer.  BCBSM denies knowledge and information sufficient to form a belief as to Plaintiff's beliefs here.

87.    Admitted.   BCBSM, however, clarifies that the ASC specifically states that the fees would be included in claims costs and, thus, the cost of the claim was not overstated.

88.    BCBSM admits only that its employees discussed ways in which to disclose fees to customers, and how to remain competitive in the marketplace. BCBSM denies any remaining allegations of wrongdoing.

89.    BCBSM admits only that this paragraph contains an excerpt of an email by a BCBSM employee, and refers to the full email for its entire content. BCBSM denies any remaining allegations of wrongdoing.

90.    BCBSM admits only that its employees discussed ways in which to disclose fees to customers, and how to remain competitive in the marketplace. BCBSM denies any remaining allegations of wrongdoing.

91.    Denied.

92.    BCBSM admits only that its underwriter developed ways in which to disclose fees to customers.   BCBSM denies any remaining allegations of wrongdoing.

93.    BCBSM admits that this paragraph contain selected excerpts of emails by a BCBSM employee, and refers to the full emails for their entire content. BCBSM admits that its underwriter developed ways in which to disclose fees to customers.  BCBSM denies any remaining allegations of wrongdoing.

94.    BCBSM denies charging Plaintiffs "Hidden Fees."  BCBSM admits only that in 2007, it undertook a review of fees charged to its self-funded ASC customers, and how those fees were disclosed.

95.    BCBSM denies charging Plaintiffs "Hidden Fees."  BCBSM admits only that it discovered that certain of its self-funded ASC customers did not fully understand the complete administrative fee structure.   BCBSM denies any remaining allegations of wrongdoing.

96.    BCBSM admits only that this paragraph contains selected excerpts of emails by BCBSM employees, and refers to the full emails for their entire content.

12

BCBSM denies charging Plaintiffs "Hidden Fees."  BCBSM denies any remaining allegations of wrongdoing.

97.   BCBSM denies charging Plaintiffs "Hidden Fees."  BCBSM denies any remaining allegations of wrongdoing, and BCBSM expressly denies that Plaintiffs are entitled to any damages or other form of relief.

98.   Denied as untrue with respect to what Plaintiffs agreed to pay, which is expressly set forth in the ASC.  BCBSM acknowledges that the Sixth Circuit in *Hi-Lex* ruled that the plaintiffs there were misled.  However, that ruling was founded upon case-specific facts.  BCBSM is not aware of such facts in this case and therefore is without knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 98.

99.   BCBSM admits that fees charged to Plaintiffs were disclosed in the Schedule A renewals each year.  BCBSM denies any remaining allegations of wrongdoing.

100.   BCBSM acknowledges that the Sixth Circuit in *Hi-Lex* ruled that the contract language cited in paragraph 100 of the Complaint was false and misleading to the plaintiffs there.  However, that ruling was founded upon case-specific facts.  BCBSM is not aware of such facts in this case and therefore is without knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 100.

101.   BCBSM acknowledges the Sixth Circuit's ruling in *Hi-Lex* with respect to that customer.   However, that ruling was founded upon case-specific facts.   BCBSM is not aware of such facts in this case and therefore is without knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 101.

102.   BCBSM acknowledges the Sixth Circuit's ruling in *Hi-Lex* with respect to that customer.   Answering further, BCBSM denies collecting any "Hidden Fees" from Plaintiffs here.

103.   BCBSM admits only that Plaintiffs have cited selected excerpts of the ASC.   BCBSM denies any allegations that are inconsistent with the terms of the ASC, including any amendments thereto and the Schedule A renewals, which are incorporated by reference.   BCBSM denies any remaining allegations of wrongdoing.

104.   BCBSM admits only that the ASC is composed of a Master Contract and annually executed Schedule A's and that pricing is among the terms agreed to by the parties in the ASC and Schedule A's.   BCBSM denies any allegations that are inconsistent with the terms of the ASC, including any amendments thereto and the Schedule A renewals, which are incorporated by reference.   BCBSM expressly denies charging Plaintiffs any "Hidden Fees."

105.   Denied.

106.   BCBSM acknowledges the Sixth Circuit's ruling in *Hi-Lex* with respect to that customer.   Answering further, BCBSM denies collecting any "Hidden Fees" from Plaintiffs here.

107.   Paragraph 107 states a legal conclusion to which no answer is required.   To the extent an answer is required, BCBSM admits that one component of the Disputed Fees was intended to cover the expense BCBSM incurred when BCBSM accounted for mandatory reductions in non-group Medi-gap contract premiums required by statute, which is referred to as an "OTG Subsidy." Answering further, BCBSM acknowledges that the Sixth Circuit in *Hi-Lex* ruled that the Insurance Commissioner neither ordered BCBSM customers to pay OTG Subsidies nor had the authority to do so.   BCBSM denies that the OTG Subsidy was "collected" from all ASC customers.   BCBSM denies any remaining allegations of wrongdoing.

108.   BCBSM admits only that Plaintiffs have cited selected excerpts of the ASC.   BCBSM denies any allegations that are inconsistent with the terms of the ASC, including any amendments thereto and the Schedule A renewals, which are incorporated by reference.   BCBSM expressly denies charging Plaintiffs any "Hidden Fees."

109.   BCBSM acknowledges that the Sixth Circuit in *Hi-Lex* ruling with respect to that customer.  Answering further, BCBSM admits only that the ASC is

composed of a Master Contract and annually executed Schedule A's and that pricing is among the terms agreed to by the parties in the ASC and Schedule A's. BCBSM denies any allegations that are inconsistent with the terms of the ASC, including any amendments thereto and the Schedule A renewals, which are incorporated by reference.   BCBSM expressly denies charging Plaintiffs any "Hidden Fees."

110.   BCBSM denies knowledge and information sufficient to form a belief as to what Plaintiffs here understood.   BCBSM admits only that the ASC is composed of a Master Contract and annually executed Schedule A's and that pricing is among the terms agreed to by the parties in the ASC and Schedule A's. BCBSM denies any allegations that are inconsistent with the terms of the ASC, including any amendments thereto and the Schedule A renewals, which are incorporated by reference.   BCBSM expressly denies charging Plaintiffs any "Hidden Fees."

111.   BCBSM acknowledges the Sixth Circuit's ruling in *Hi-Lex* with respect to that customer.   BCBSM denies knowledge and information sufficient to form a belief as to what Plaintiffs here understood.   BCBSM denies any allegations that are inconsistent with the terms of the ASC, including any amendments thereto and the Schedule A renewals, which are incorporated by reference.   BCBSM denies any remaining allegations of wrongdoing.

16

112.   BCBSM acknowledges the Sixth Circuit's ruling in *Hi-Lex* with respect to that customer.   BCBSM admits only that it provided Form 5500 certification sheets to Plaintiffs on an annual basis.   BCBSM denies any remaining allegations of wrongdoing.

113.   Denied.

114.   Denied.

115.   BCBSM acknowledges the Sixth Circuit's ruling in *Hi-Lex* with respect to that customer.   BCBSM denies knowledge and information sufficient to form a belief as to what Plaintiffs here knew.   Answering further, BCBSM denies any alleged "scheme" or that BCBSM charged Plaintiffs "Hidden Fees."

116.   Denied.

117.   BCBSM acknowledges the court's findings in *Hi-Lex* with respect to that customer.   BCBSM denies that any such factual record of its alleged wrongdoing has been established here.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.  BCBSM admits only that it disclosed physician compensation fees, and that Plaintiffs accurately cited a portion of the disclosure terms contained in the 2007 Schedule A, and refers to the complete terms of same which are incorporated here by reference.  BCBSM denies the remaining allegations as untrue.

125.  Denied.

126.  Denied.

127.  Denied.

128.  Denied.

129.  Denied.

130.  Denied.

## COUNT I - BREACH OF FIDUCIARY DUTY - ERISA

131.  BCBSM incorporates by reference all answers to the allegations of Plaintiffs' Complaint previously set forth as though fully set forth herein.

132.  To the extent this paragraph calls for a legal conclusion, BCBSM neither admits nor denies, but leaves Plaintiffs to their proofs.  BCBSM acknowledges the court's findings in *Hi-Lex* with respect to that customer. Answering further, BCBSM denies that it exercised discretion or control over the Plan here, or the Plan Assets here.

18

133.   BCBSM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 133 and therefore denies them.

134.   Denied.

135.   Denied (including all sub-parts of this paragraph).

136.   Denied.

137.   Denied.

138.   Denied.

### COUNT II – PROHIBITED TRANSACTION UNDER ERISA

139.   BCBSM incorporates by reference all answers to the allegations of Plaintiffs' Complaint previously set forth as though fully set forth herein.

140.   Denied.

141.   To the extent this paragraph calls for a legal conclusion, BCBSM neither admits nor denies, but leaves Plaintiffs to their proofs.  Answering further, BCBSM denies any alleged wrongdoing.

142.   To the extent this paragraph calls for a legal conclusion, BCBSM neither admits nor denies, but leaves Plaintiffs to their proofs. BCBSM acknowledges the court's findings in *Hi-Lex* with respect to that customer. Answering further, BCBSM denies that it exercised discretion or control over the Plan here, or the Plan Assets here.  BCBSM denies charging Plaintiffs any "Hidden Fees."  Answering further, BCBSM denies any alleged wrongdoing.

143.   Denied.

144.   Denied.

145.   Denied.

## **RELIEF SOUGHT**

Blue Cross Blue Shield of Michigan ("BCBSM") denies each and every allegation contained in Plaintiffs' Prayer for Relief (including sub-paragraphs A – E) and expressly denies that Plaintiffs are entitled to any of the relief requested therein.

WHEREFORE, BCBSM respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety with prejudice and award BCBSM its costs and attorney fees incurred in responding to Plaintiffs' Complaint.

## **AFFIRMATIVE DEFENSES**

Defendant Blue Cross Blue Shield of Michigan ("BCBSM"), by its attorneys, Dickinson Wright PLLC, for its Affirmative Defenses to Plaintiffs' Complaint, states as follows:

1.     Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

2.     Plaintiffs' claims are barred in whole or in part to the extent that they differ from or are contrary to the terms of fully integrated agreement(s) (if any) between Plaintiffs and Defendant.

3.     The conduct about which Plaintiffs complain is authorized by the ASC.

4.     The only duties and obligations owed by BCBSM to Plaintiffs were those imposed by the ASC.

5.     BCBSM is or was required by statute and order of the Commissioner of the State of Michigan Office of Financial and Insurance Regulation to charge Plaintiffs for certain subsidies and contingencies.

6.     Access Fees factored into Plaintiffs' health care claims constituted reasonable compensation.

7.     Plaintiffs' claims are barred, in whole or in part, due to the doctrine(s) of waiver, ratification, discharge, release, accord and satisfaction, estoppel and/or laches.

8.     Plaintiffs are barred from any remedy because Plaintiffs' damages, if any, were caused in whole or in part by the acts, omissions, fraud or misrepresentation of others, whose conduct BCBSM did not control and for whose conduct BCBSM is not responsible.

9.     Plaintiffs are barred from any remedy because Plaintiffs' damages, if any, were caused in whole or in part by Plaintiffs' own breach(es) of fiduciary duty.

10.     BCBSM reserves the right, if discovered during the course of

21

discovery, to file a notice of non-party fault identifying any person or entity whose negligence caused or contributed to Plaintiffs' alleged damages.

11.    BCBSM's receipt of the Access Fees was in good faith and under color of the parties' contract.

12.    In the event that it is determined that BCBSM had no contractual right to the Access Fees, BCBSM is entitled to retain the Access Fees on a *quantum meruit* basis so that BCBSM is compensated for its services and Plaintiffs are not unjustly enriched.

13.    Plaintiffs' claims are barred in whole or in part as being preempted by ERISA.

14.    Defendant reserves the right to amend these Affirmative Defenses to add such other affirmative defenses that may become known.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety with prejudice and award Defendant its costs and attorney's fees incurred in responding to Plaintiffs' Complaint.

DICKINSON WRIGHT PLLC

By: /s/ Salina M. Hamilton
Michelle L. Alamo (P60684)
Salina M. Hamilton (P75296)
Attorney for Defendant Blue Cross
Blue Shield of Michigan
500 Woodward Avenue, Ste. 4000
Detroit, MI 48226
(313) 223-3500

22

malamo@dickinsonwright.com
shamilton@dickinsonwright.com

Dated:  August 1, 2016

<u>**CERTIFICATE OF SERVICE FOR E-FILING**</u>

     I hereby certify that on August 1, 2016, I caused to be electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

<div style="margin-left:40%;">

By: <u>/s/ Salina M. Hamilton</u>

Salina M. Hamilton (P75296)
Attorney for Defendant Blue Cross
Blue Shield of Michigan
500 Woodward Avenue, Ste. 4000
Detroit, MI 48226
(313) 223-3500
shamilton@dickinsonwright.com

</div>

DETROIT 19276-244 1395887v1